CLAUS DETTMERING, PLAINTIFF IN ERROR, v. RICHARD ENGLISH, DEFENDANT IN ERROR.

Argued June 7, 1899—Decided November 13, 1899.

1. Plaintiff received an injury from the fall of a wall which was being constructed by workmen of the defendant. Plaintiff was lawfully on the premises where the wall was being constructed. *Held*, that defendant owed plaintiff a duty to take reasonable care that the wall should be so constructed as not to fall.

2. At the close of the whole evidence the trial judge directed a verdict for the defendant on the ground that the single question presented was whether the wall in question should have been braced, and that upon the evidence it appeared that bracing was unnecessary. *Held*, that under the circumstances appearing in the case there was a question for the jury, and it was error to withdraw it from them by a direction.

On error to the Hudson Circuit.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff in error, *Flavel McGee.*

For the defendant in error, *Charles L. Corbin.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. Dettmering brought this action against English to recover damages for an injury received by him by the fall of a portion of a wall which was being constructed by English for the city hall of Jersey City. English had contracted with the city for the mason and iron work of the city hall, and had subcontracted the iron work to the Fagin Iron Works, in the employ of which Dettmering was working on the building.

The occurrence is the same which was before the Court of Errors in *Jansen* v. *Jersey City*, 32 *Vroom* 293. On the authority of that case the employes of English, in building the wall which fell, were not fellow-servants of Dettmering.

The bills of exception show that at the close of plaintiff's case a motion for nonsuit was interposed, on the ground that there was a failure of proof of any negligence on the part of English or of any negligence which was chargeable to him. The trial judge reserved decision on motion, and proceeded to hear the evidence of the defendant. At the close of the whole case defendant asked for a direction, for a verdict in his favor upon the same ground upon which he had moved for the nonsuit. This motion was granted, the trial judge giving as a reason that the only question in the case was whether the wall that fell should have been braced, and that it then appeared to him on the evidence that bracing was not necessary.

Exception was allowed to the direction of a verdict and defendant's main contention is directed to it as erroneous.

The bill of exception presenting this question contains the whole evidence adduced at the trial. It appears therefrom that Dettmering was lawfully upon the premises, engaged in his duty to his employer, in performing the work which the Fagin Iron Works had contracted with English to do. It follows that English owed to Dettmering a duty to take reasonable care that the wall in question should be so constructed as not to fall upon and injure him while thus lawfully on the premises. If upon the evidence a reasonable inference of failure to perform that duty could be drawn by the jury, it was obviously erroneous to withdraw the case from the jury by the direction for a verdict. Such a course could only be justified by the total lack of evidence from which such an inference could properly be drawn.

It appears from the evidence that the wall in question was about eighty feet long and had been built of a width of sixteen inches to a height of about sixty feet and had been allowed to dry and settle for some days. Then the workmen of English commenced to build thereon a wall twelve inches in width, and within two days had completed it for the whole length to the additional height of eighteen or twenty feet, when it, or part of it just erected, fell upon the plaintiff.

It is evident that the trial judge conceived that the sole question was whether the duty of English required him to brace the wall then in course of construction, and upon his finding that such bracing was unnecessary his direction for the verdict was grounded.

It is at least open to doubt whether the view taken by the trial judge was not too narrow. The wall was of brick, and it is a matter of common knowledge that when such bodies are laid one upon another with care to keep the wall plumb, it will stand by virtue of the law of gravity, and a fall of a wall of brick would indicate either that it had been improperly laid or that the fall had been caused by some force from without. Under such circumstances it may well be that the maxim *res ipsa loquitur* would be applicable, and one who constructed a wall which thus fell might be required to show the cause of the fall and that it was not the result of negligent construction. That would justify a resort to evidence such as was adduced by English of a sudden and violent gust of wind occurring at the time the wall fell. Whether that was sufficient to account for the fall or whether the probability of such an occurrence was within the contemplation of a prudent man engaged in the erection of a wall at such a height, and whether such probability required some protection by bracing or otherwise, would then be questions for a jury.

Again, it might be open to question whether a jury might not be permitted to infer a lack of duty on English's part in erecting this part of the wall in haste and without giving time for drying and settling.

But, looking at the evidence as the trial judge did, I have reached the conclusion that it was erroneous to withdraw the case from the jury.

On the part of Dettmering there was evidence offered which was rejected by the court below, which, it is claimed, tended to show that in the customary mode of erecting such walls, bracing was resorted to as a protection against falling. If the evidence offered was adapted to show the ordinary and

customary mode of erection it may have been admissible, but the questions asked and excluded by the court called for the observation of witnesses in isolated cases, and if answered would not have tended to prove any general custom. It may be that the evidence would have been admissible in rebuttal of defendant's proof that bracing was not customary or possible under the circumstances, but the questions asked and rejected in plaintiff's original case were not renewed in rebuttal.

The evidence, however, clearly shows that bracing was provided for by the plans. There was a wall of the building already erected and parallel to that which fell, and eight or nine feet distant from it. Iron beams were designed to be fastened or anchored at the top of that wall and to extend to and be masoned in the wall that fell. There was evidence that such beams were provided and were masoned in the wall in question. There was evidence, however, that the ends of some of them, at least, were not fastened or anchored in the parallel wall. It is true that the evidence on that subject was controverted, but it was for the jury to judge the weight of evidence and the credit to be given to witnesses from whom it was drawn. For such beams were obviously intended as braces, and if they were left unfastened to the parallel wall it raised a question as to the performance by English of his duty in constructing this wall. It was not for the court to pronounce such bracing unnecessary.

The result is that the judgment founded upon the verdict so erroneously directed must be reversed for a *venire de novo*.