## JANE DAVEY v. ERIE RAILROAD COMPANY.

Submitted December 5, 1902—Decided February 24, 1903.

1. Where a declaration in an action of tort for negligence is demurred to, even though it be inartistically drafted, still, if it allege with sufficient certainty facts that show a legal duty and the neglect thereof on the part of the defendant, and a resulting injury to the plaintiff, without fault on his part, it is not demurrable.
2. A ground of demurrer suggested in the brief, but not assigned among the causes of demurrer served, will not be considered.

---

In tort. On demurrer to declaration.

Before Gummere, Chief Justice, and Justices Van Syckel, Fort and Pitney.

For the plaintiff, *Joseph M. Roseberry.*

For the defendant and demurrant, *George M. Shipman.*

The opinion of the court was delivered by

FORT, J. This is a demurrer to a declaration. The declaration contains two counts. The counts are inartistically drawn and each is confused by unnecessary amplification, but neither count is sufficiently faulty to sustain a general demurrer.

The first count is based upon the alleged careless management of a locomotive engine by the servants of the defendant, such negligence resulting in hot ashes, burning coals, &c., falling upon the combustible material upon the right of way of the defendant company and setting fire to such combustible materials thereon and then spreading to the standing timber, &c., on the plaintiff's land.

The second count is founded upon the allegation of negligence in the defendant in the way it kept its roadbed and its adjacent land on the right of way, the averment being that the defendant failed "to keep its said strip, parcel or tract of land * * * free from combustible materials, so that fire should not be occasioned by reason of hot ashes, burning coals * * * falling and settling thereon from out of said locomotive engines and to take reasonable care to guard against the escape of fire which might be occasioned thereby."

These counts each sufficiently charge a duty, and the neglect thereof upon the part of the defendant company. *Salmon* v. *Delaware, Lackawanna and Western Railroad Co.,* 10 *Vroom* 299.

It is insisted upon, in the brief of the demurrant, that the declaration does not describe or locate the lands of the plaintiff with sufficient certainty. This may be true, but as no such ground for demurrer is found in the causes of demurrer in the record it is not decided.

The demurrers are overruled, with costs.