ABRAHAM SOMMER, ADMINISTRATOR, &c., OF SAMUEL
SOMMER, DECEASED, v. PUBLIC SERVICE CORPORA-
TION OF NEW JERSEY.

Argued November 4, 1909—Decided March 19, 1910.

1. Working in close proximity to wires which are apparently safe,
and without knowledge of their dangerous character, cannot be
said to be negligence as a matter of law.
2. An owner or occupier of lands who by invitation, express or im-
plied, induces persons to come upon the premises, is under a duty
to exercise ordinary care to render the premises reasonably safe
for such purposes.
3. An employe of one who holds a contract to perform work on
premises for the owner and occupier thereof, who enters the
premises to perform the work, is there by implied invitation.
4. The plaintiff's declaration averred in effect that the defendant
company was the owner of premises upon the roof of which it
maintained wires carrying a deadly current of electricity; that
such wires were apparently safe, but in fact were improperly and
defectively insulated; that the dangerous condition of the wires
was known to the defendant and was unknown to the plaintiff's
intestate; that plaintiff's intestate was in the employ of a
contractor who was engaged by the defendant to build a cupola
upon the roof of such premises; that the decedent necessarily, in
the course of such employment, entered upon such roof in close
proximity to such wires and, in the course of his work, came in
contact with one of the wires and was killed thereby—*Held*, good
on general demurrer.

On demurrer to declaration.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the plaintiff, *Chauncey G. Parker.*

For the defendant, *Leonard J. Tynan* and *Lefferts S. Hoff-
man.*

The opinion of the court was delivered by

TRENCHARD, J. This is a demurrer to a declaration.

The declaration alleges in effect that the defendant com-
pany was the owner of premises upon the roof of which it

maintained wires carrying a deadly current of electricity; that such wires were apparently safe, but in fact were improperly and defectively insulated; that the dangerous condition of the wires was known to the defendant and was known to plaintiff's intestate; that plaintiff's intestate was in the employ of a contractor who was engaged by the defendant to build a cupola upon the roof of such premises; that the decedent necessarily, in the course of such employment, entered upon such roof in close proximity to such wires and, in the course of his work, came in contact with one of the wires and was killed thereby.

In support of the demurrer the defendant contends that the declaration shows contributory negligence upon the part of the decedent. We think not. Certainly working in close proximity to wires which were "apparently safe," and without knowledge of their dangerous character, cannot be said to be negligence as a matter of law. *Brooks* v. *Consolidated Gas Co.,* 41 *Vroom* 211.

It is next urged that the declaration is bad because it is argued it does not show how and why the decedent came in contact with the wires. We see no merit in this contention. The declaration avers that the decedent necessarily, in the course of his employment, worked in close proximity to the deadly wires and so came in contact with one of them. Clearly this is sufficient on general demurrer. *Davey* v. *Erie Railroad Co.,* 40 *Vroom* 50.

The next objection is that the declaration fails to show that the defendant company was under any duty to warn the decedent of the dangerous character of the wires. We think the objection not well taken. The general rule is unquestioned that the owner or occupier of land who by invitation, express or implied, induces persons to come upon his premises, is under a duty to exercise ordinary care to render the premises reasonably safe for such purposes. *Phillips* v. *Library Co.,* 26 *Vroom* 307; *Nolan* v. *Bridgeton and Millville Traction Co.,* 45 *Id.* 559. But the argument seems to be that the declaration fails to allege that the dangerous condition of the wires was known to the defendant and unknown to the dece-

dent. To this it is a sufficient answer to say that it is not well founded in fact. It is further argued that the facts stated in the declaration show that the plaintiff's intestate assumed the risk of danger from the defectively insulated wires. We think not. It avers that the wires were apparently safe and the plaintiff's intestate necessarily worked in close proximity thereto without notice and not knowing that the wires were dangerous. It cannot properly be said that the wires themselves were necessarily a patent danger. They were insulated and the plain import of the allegation that they were apparently safe is that the defect in insulation was not readily discernible. Moreover a workman would naturally presume that the wires would be kept harmless during the period when he was required to work near them. It seems to be further argued that the declaration does not show that the decedent was on the premises by invitation of the defendant. There is, however, no merit in the argument. An employe of one who holds a contract to perform work on premises for the owner and occupier thereof, who enters the premises to perform the work, is there by implied invitation. *Dettmering* v. *English,* 35 *Vroom* 16; *Albanese, Adm'r,* v. *Central Railroad Co.,* 41 *Id.* 241; *John Spry Lumber Co.* v. *Duggan,* 182 *Ill.* 218; *Hoadley* v. *International Paper Co.,* 72 *Vt.* 79; *Sack* v. *St. Louis Car Co.,* 112 *Mo. App.* 476.

Again it is contended that the declaration is bad in failing to allege that the contractor who employed the decedent was ignorant of the danger. We think not. If the contractor knew the danger and failed to warn decedent he became also a tort-feasor, but that would not relieve the defendant from liability.

Nor is there merit in the contention that the declaration should have alleged that the defendant knew of the decedent's ignorance of the danger. If the defendant company knew that the place was dangerous in fact, though apparently safe, it must be charged with knowledge that workmen engaged to go there would believe that the place was safe.

The plaintiff is entitled to judgment on the demurrer.