JULIUS BIELECKI v. MAX HERTZ LEATHER COMPANY.

Decided April 11, 1925.

Negligence—Window Cleaning—Plaintiff an Employe of Window Cleaning Contractor With Defendant—Allegation That Superintendent of Defendant was Present When His Contractor was Explaining Work to Plaintiff—No Responsibility Attached to Defendant on This Account—No Responsibility on Defendant to Construct Building So That It May Not Be Dangerous to the Ignorant or Careless.

On appeal from the Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellant, *Jacob Schneider.*

For the respondent, *Jacob L. Newman.*

PER CURIAM.

The plaintiff in this case brought suit to recover compensation for injuries received by him through a fall while washing windows in the plant of the defendant company. The trial resulted in a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant has appealed.

The situation disclosed by the proofs was this: One Margolies was engaged in the business of cleaning windows, under the name of the Newark Window Cleaning Company. The defendant had a contract with him, by the terms of which he periodically cleaned all of the windows in the defendant's factory for a price fixed by the contract. Shortly before the time for one of the periodical cleanings had arrived, Margolies had employed the plaintiff as one of his operatives, and on the day for the work to be done took him to the defendant's factory to explain to him what was

required of him. The plaintiff was an expert window cleaner according to his own story. His testimony bearing upon the subject of the liability of the defendant company was that, having gone to the latter's factory with his employer, they had a conversation with a Mr. Haas, the defendant's superintendent: that the three of them made a trip through the factory, and that Margolies, in the presence of Haas, explained to him how the windows worked, some of them raising up and down, like ordinary house windows, and some of them doing, not only this, but also turning on a pivot, but did not inform him that the windows from which he fell was of the latter character. The plaintiff testified that Haas did not take any part in this explanation or make any remark with relation to the work, nor was there anything to show that Haas paid any attention to the explanation to the plaintiff by the latter's employer. This was the plaintiff's case, and we find nothing in it to support a finding by the jury in favor of the plaintiff, and, for this reason, conclude that a verdict should have been directed in favor of the defendant. Even if it be assumed that Haas heard the instructions and explanations given by Margolies to the plaintiff, and, by his silence, is presumed to have concurred in them, that fact is immaterial, for it does not appear that it was any part of the duty of Haas, as the manager of this company, to accompany Margolies and his employe on this tour of inspection and explanation, and, consequently, in doing so, he was a mere volunteer and not an agent of the defendant, and the latter is not answerable for his action or non-action.

It is suggested on the part of the respondent that, even if Haas' alleged neglect is not attributable to the appellant, nevertheless, the latter is responsible for the plaintiff's injuries, because of the fact that the cleaning of the window from which the plaintiff fell was dangerous to a person not understanding its operation. But the owner of property is not bound to construct his building in such a way that it will not be dangerous to people who are ignorant or careless, and the defendant, as owner, had performed its full duty when

it explained to Margolies, its co-contractor, the manner in which the various windows of its factory worked, and that they did this the uncontradicted testimony discloses.

For the reason indicated, the judgment under review will be reversed.