JOHN WALZ, RESPONDENT, v. PUBLIC SERVICE ELECTRIC
AND GAS COMPANY, APPELLANT.

Decided November 8, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Henry H. Fryling* (*William H. Speer,* of counsel).

For the respondent, *Meehan Brothers* (*Thomas F. Meehan,* of counsel).

PER CURIAM.

This is an appeal from a judgment entered in the Hudson County Circuit Court, on the verdict of a jury, in favor of the plaintiff below, and against the defendant below, for the sum of $7,500.

The plaintiff, respondent here, sustained injuries while working on the roof of the power house of the defendant company, appellant here. He was a laborer, employed by the Federal Iron and Metal Company. The company had been, and was engaged in dismantling the chimney and boilers in and about the appellant's power house. The respondent worked at this job from March, 1926, until August 3d, 1926, when he became disabled through an accident, which arose out of the following circumstances: On the day mentioned, according to the testimony, the respondent and his fellow servants were on the roof of the power house for the purpose of dismantling a steel smoke stack, which work required the

carrying of tools and materials to the roof. The plaintiff testified that in the course of this employment, it became necessary to pull up an iron bar to be used, with other bars, in order to be laid across the stack to support boards for the cutters to stand on. The size and weight of the bar were in dispute.

There is testimony to the effect, that during the progress of the work, the workmen were ordered to take the materials and tools necessary to dismantle the smoke stack, through a trap door on the inside of the building, but there is also testimony, coming from the plaintiff, that he was directed by his foreman to take the iron bar up over the side of the building, because the bar was too heavy to be taken up through the centre of the building, and it was while the respondent was obeying the order of his foreman, and pulling up the bar over the side of the building, that he met with his injury.

According to the plaintiff's testimony it was the first time he was on the roof. While in the act of hoisting the heavy iron bar, it came in contact with an uninsulated electric wire of the appellant company, carrying about thirteen thousand volts, the proximity and condition of which wire the plaintiff was unaware, and as a result, the respondent was painfully and seriously injured.

The two grounds of appeal relied on by the appellant for a reversal of the judgment are: (1) "Because the court, at the close of the plaintiff's case, although moved so to do, refused to nonsuit the plaintiff on the ground that no negligence had been shown on part of the defendant, and on the ground that the plaintiff was guilty of contributory negligence, and on the ground that the plaintiff assumed the risk of his employment." (2) "Because the court, at the close of the whole case, although moved so to do, refused to direct a verdict for the defendant on the ground that the plaintiff was guilty of contributory negligence, and on the ground that plaintiff assumed the risk of his employment."

Both of these grounds may be considered together and disposed of.

From a reading of the testimony there was proof from which a jury was warranted in finding that the defendant was guilty of negligence, to which negligence the respondent did not contribute, and also that the respondent had not assumed the risk of the danger to which he was exposed.

We think the maintaining of an electric wire, uninsulated, and carrying thirteen thousand volts, and so exposed that persons engaged in work or otherwise may come in contact therewith, is a deadly menace, and a public nuisance, so that for injuries or damage caused thereby, the appellant is answerable. There is no testimony tending to show that the plaintiff was aware of the presence of such wire in proximity to the work, which he was called upon to do, or that he had any warning of its presence. The mere fact that a warning by the defendant company was given to the contractor, does not, in our judgment, absolve the appellant company from liability, when it appears, as it does in this case, that the electric wire was uninsulated and was carrying thirteen thousand volts, and was, therefore, a menace to life and limb, and a public nuisance.

While it is true, that a servant assumes the risks or hazards of his employment, he only assumes such as are obvious to him, and existing and arising in his master's service, but cannot be held to assume risks and dangers which are created by third persons, and of the presence or existence of which he is ignorant, and has had no warning.

The instant case presents purely factual questions which were for the determination of a jury, and are not reviewable here.

Judgment is affirmed, with costs.