LEO KAPPERTZ, APPELLANT, v. R. B. McEWAN & SON, A CORPORATION, RESPONDENT.

Submitted October 26, 1929—Decided May 19, 1930.

For the appellant, *Weinberger & Weinberger.*

For the respondent, *Stein, McGlynn & Hannoch.*

The opinion of the court was delivered by

LLOYD, J. The appellant sued to recover damages for injuries received through coming in contact with the uninsulated and unprotected electric wires in the plant of the respondent, the wires at the time being charged with a dangerous electric current. There was a nonsuit in the court below, the trial judge deeming the evidence insufficient to establish that there was a duty owing from the defendant to the plaintiff.

The circumstances under which the accident occurred, as they appear from the proofs and admissions in the pleadings, were these: The defendant company, owner of the plant, had contracted with an independent contractor to make certain repairs and additions to its plant and plaintiff was employed by the contractor to do certain pipe work in connection therewith. This work necessitated his going into the defendant's plant to make the necessary piping and fitting the same into a boiler. To perform this work a scaffold had been erected, and it was while the plaintiff was on this scaffold that he came in contact with the uninsulated wires.

As an employe of the contractor the plaintiff was in the plant by the implied invitation of the defendant and the latter was bound to use reasonable care to see that the place in which the work was to be performed was reasonably safe for the purpose. It was fairly to be anticipated that the plaintiff's work would necessitate its performance in close relation with the wiring supplying electric current. Whether, therefore, under all the circumstances the duty owing from the defendant to the plaintiff was performed was a question for the jury and not for the court. *Walz* v. *Public Service Electric Co.*, 147 *Atl. Rep.* 654; *Heyer* v. *Jersey Central Power and Light Co.*, *ante, p.* 211.

We think the case on its proofs could not be determined as presenting a legal proposition, but as one calling for disposition by a jury to whom questions of fact must be submitted.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.