MARIA SANTAMARIA, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF JOHN SANTAMARIA, DE-
CEASED, PLAINTIFF-APPELLEE, v. LAMPORT & HOLT
LINE, LIMITED, A CORPORATION, DEFENDANT-AP-
PELLANT.

Argued October 21, 1937—Decided January 26, 1938.

For the plaintiff-appellee, *Alfred M. Cozzi* and *Alfred Brenner.*

For the defendant-appellant, *Autenrieth & Wortendyke (Reynier J. Wortendyke, Jr.).*

The opinion of the court was delivered by

WOLFSKEIL, J. This appeal is from judgment for plaintiff as administratrix *ad prosequendum* of her decedent husband, who died as a result of injuries sustained from falling into the hatchway of the vessel *Biela,* while engaged in unloading the consignee's cargo. Defendant's grounds are refusal of the trial judge to grant a nonsuit, and his failure to direct a verdict for defendant.

The record discloses that at the place on the ship where the accident occurred, the hatch was removable, consisting of heavy boards, resting on flanges at the sides and beams in the interior. Over these tarpaulins were placed and secured by fastenings. To unload the cargo, both tarpaulins and boards had to be withdrawn for accessibility to the hold. The tarpaulins were removed at the place in question, and decedent, in the course of his work, walked out on one of the boards. When he reached a point at which his weight could not be borne, the board up-ended, and the part upon which he was standing descended to the hold, into which he dropped, the board falling upon him, so that between the fall and the blow from the board, either or both occasioned the injuries from which he died. Negligence is charged against defendant ship owner in failing to provide and maintain a reasonably safe place within which decedent could work.

Cases cited by defendant to sustain exemption from liability are inapplicable, since a comparison with the instant situation shows a material difference in facts. The result is that defendant's appeal is reduced substantially to challenging the jury's determination of disputed issues.

The company doing the unloading and employing decedent was the consignee of the particular cargo. It was the wish of defendant, and the implied obligation of the consignee, to

remove the cargo. The consignee was an invitee, and its employes as consequential invitees, shared in the incumbencies due from defendant with respect to providing a reasonably safe place within which to work. *Munson Steamship Lines* v. *Newman,* 24 *Fed. Rep.* (2d) 416; *Horn* v. *Hamburg-American Packet Co.,* 81 *N. J. L.* 729; *Grays Harbor Stevedore Co.* v. *Fountain,* 5 *Fed. Rep.* (2d) 385.

Defendant urges the attendant risks were normally incident to decedent's work. This is not an inevitable deduction, nor must an employe accept it as an accompaniment of his labors that a board upon which he is expected to walk may collapse beneath him when there is nothing in its appearance or in the perceptible circumstances to give apprisal of inherent peril. Latent dangers are not part of the risk a worker assumes. Defendant alleges decedent unnecessarily placed himself in a position from which the accident flowed, proceeded with knowledge of the conditions and was contributorily negligent. The testimony does not necessarily exclude every conclusion except that of voluntary assumption of hazard by decedent. There is evidence from which the jury could elect to decide that the board in question, together with the others, was covered by tarpaulins, the method of securement being screened from vision, that the tarpaulins were removed so the workmen could reach the cargo, and that when decedent stepped on the board there was no overt indication of jeopardy. It was competent for the jury in this juncture to find adversely against the allegations of assumption of risk and contributory negligence.

Defendant argues it is exonerated from liability because the boards and tarpaulins were previously placed in position by an independent contracting stevedore company, and the negligence, if any, would not be attributable to the ship owner. It contends there was absence of proof of notice to it of any faulty condition, and if there was an obligation on it to provide a safe place for work, this duty was met.

Passing the question whether a ship owner, upon whom devolves a primary duty of affording a reasonable safe place in which its invitees could work, could be absolved through

attempted delegation of its responsibility to an independent contractor (*Nord Deutscher Lloyd Steam Ship Co.* v. *Ingebregstein,* 57 *N. J. L.* 400; *Smith* v. *Claud Neon Lights, Inc.,* 110 *Id.* 326 (at *p.* 330); *Munson Steamship Lines* v. *Newman, supra*), an issue is presented as to the state of the boards and the hatch, from the time of completion of work by the contractor to resumption of direction by defendant. Battening down the hatches was finished at Hoboken on or about March 1st, and the unloading, at which decedent suffered his injuries, took place at Edgewater on March 4th, there being an interval of at least three days, during which defendant had been restored to control of the vessel. Defendant advances testimony of its officers, that after battening down of the hatches at Hoboken, they found the ship in proper condition, and defendant argues a presumption of continuance of the same condition in the absence of proof of alteration. To apply that doctrine unreservedly would lead to unconscionable results, besides which the physical status which defendant avers is within the realm of controversy. It is a basic issue whether the hatch at this spot, and in particular, the board which fell, was in proper state, securely fastened and of a character to provide substantial footing and a reasonably safe place for work. Defendant's thesis implies this is axiomatic, whereas the record reveals the opinion of defendant's witnesses that the hatch generally, and the board in particular, were in secure condition, rests upon a casual and brief inspection, which could leave doubt as to the sufficiency of its scope and the accuracy of its conclusion, viewed in the light of the subsequent occurrence. One of defendant's witnesses stated the board could not have fallen in the manner narrated, unless it was improperly placed, or was too short to rest securely on the side supports. Either of these possibilities could have carried an import of negligence, upon which the jury would have a right to predicate its award.

Defendant in all respects brings up questions of fact that were within the domain of the jury. From these facts the jury was authorized to draw legitimate inferences. Under such circumstances it has so repeatedly been held by this court that

the proposition is now elementary that where there are disputed questions of fact and inferences from fact the trial court cannot control the verdict but must submit the case to the jury. *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.*, 111 *N. J. L.* 487; *Garvey* v. *Public Service, &c., Transport*, 115 *Id.* 280; *Gerson* v. *Metropolitan Life Insurance Co.*, 117 *Id.* 190.

The judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.