John CURKO, Appellant,

v.

WILLIAM SPENCER & SON, CORP.,
Appellee.

No. 382, Docket 26137.

United States Court of Appeals
Second Circuit.

Argued May 2, 1961.

Decided Sept. 11, 1961.

Nathan Baker, Hoboken, N. J. (Bernard Chazen, Baker, Garber & Chazen, Hoboken, N. J., on the brief), for plaintiff-appellant.

Walter A. Donnelly, New York City (Thomas A. Diskin, DeWitt, Nast & Diskin, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, MOORE, Circuit Judge, and STEEL, District Judge.*

STEEL, District Judge.

This appeal presents the question whether a judgment, based upon a general jury verdict adverse to the plaintiff, John Curko, and favorable to the defendant, William Spencer & Son, Corp., should be reversed and a new trial granted because of alleged errors of omission and commission in the charge.

Curko was injured while working as a longshoreman in the employ of International Terminal Operating Company (ITO) on the Fifth Street Pier in Hoboken, New Jersey. The accident occurred in connection with the removal of a skid from a lighter at the end of the pier. The skid was in the nature of a gangplank between the lighter and the pier. The skid was being pulled off the lighter and onto the pier by the use of a hi-lo, or fork-lift machine, owned by ITO and operated by di Bari, one of its employees. The pier-end of the skid had been placed on the blades of the hi-lo so that the skid could be elevated whenever necessary to enable the horizontal crossbars beneath the skid to clear the stringpiece at the end of the pier. To enable the hi-lo to pull the skid, Curko and his fellow employee, Mihatov, had looped ropes attached to the skid around part of the hi-lo. The two feet of free rope on each side of the hi-lo which remained after the looping were held taut by Curko on the left and by Mihatov on the right of the hi-lo. The left rope broke at some point between the skid and the hi-lo and Curko was injured when the skid fell off the hi-lo and landed on his leg.

Curko's claim was based upon common law negligence. He contended that the rope was wet, old and frayed and not fit for its intended use, that Spencer as the owner of the skid should have known of the condition of the rope and of the possibility of its use by ITO employees, and that the failure of Spencer to replace the rope with one of adequate strength was an act of negligence which caused the skid to fall on him.

By way of defense, Spencer denied ownership of the skid and hence responsibility for the condition of the rope, alleged contributory negligence by Curko in not observing the defects in the rope, and asserted that the breaking of the rope was not the cause of Curko's injury. In this latter connection Spencer contended that the rope had broken prior to the time when the skid fell, that Curko was in the act of tying the broken rope when di Bari, oblivious to what Curko was doing, attempted to lift the skid to clear the stringpiece, and that the skid then shifted and fell on Curko. The verdict for Spencer was amply supported by evidence substantiating each of these defenses. Curko does not dispute this, but seeks a reversal upon the sole ground that the court erred in omitting to charge on concurrent negligence and in its treatment of proximate causation.

After the charge, Curko unsuccessfully requested the court to give the following instruction on concurrent negligence:

"If you find from the evidence that the International Terminal Operating Company, through its employees, were also negligent, concurrently

---

* United States District Judge for the District of Delaware, sitting by designation.

with the negligence of the defendant, that would not absolve the defendant from its responsibility to the plaintiff for its negligence."

■ Curko asserts that the failure of the court to give this charge was especially prejudicial because on five occasions the court had either defined proximate cause as "the" efficient cause of the injury or had told the jury that it could return a verdict for plaintiff only if it found that Spencer's negligence was "the" proximate cause of the injury. Plaintiff points out that if the negligence of a defendant and a third person is each a causal force in bringing about an accident, a defendant is not absolved from liability simply because the third party is partially at fault, and that a defendant is under a liability for its negligence even though that negligence is "a"—although not "the"—proximate cause of the accident. This is undoubtedly a correct exposition of the law. Sommer v. Public Service Corp., Sup.Ct.1910, 79 N. J.L. 349, 75 A. 892, 893; Menth v. Breeze Corp., 1950, 4 N.J. 428, 73 A.2d 183, 189, 18 A.L.R.2d 1071; Fredericks v. American Export Lines, 2 Cir., 1955, 227 F.2d 450, 453, certiorari denied 1956, 350 U.S. 989, 76 S.Ct. 475, 100 L.Ed. 855; Garrett v. E. I. DuPont De Nemours & Co., 3 Cir., 1958, 257 F.2d 687, 691.

■ In assessing Curko's objections to the charge, the evidence and inferences therefrom must be viewed in the light most favorable to Curko. So considered, the jury could have found that the rope broke because it was old, wet and frayed, that Spencer was the owner of the skid and, knowing of its possible use by ITO employees, was negligent in not providing the skid with a rope fit for its intended purpose, and that the breaking of the rope caused the skid to fall on Curko. But the evidence would also have permitted the jury to find that di Bari and Mihatov, employees of ITO, were negligent in not observing the condition of the rope and warning Curko of it, or that di Bari was negligent in trying to force the skid by pulling it instead of lifting it when it stuck on the stringpiece. The jury could have concluded from the evidence that the negligence of di Bari or Mihatov, or both, conjointly with that of Spencer in permitting the skid to be equipped with faulty rope, caused the rope to break and the skid to fall.

Curko argues that the jury should have been told that he was entitled to recover regardless of whether his injury was the result of Spencer's sole negligence, or was due to the concurrent negligence of Spencer and the ITO employees, and that if Spencer's negligence was "a" proximate cause of the injury, a verdict in his favor was justified. Curko asserts that, because of the court's failure to so charge, the jury may well have returned a verdict for Spencer even though it believed that Spencer's negligence was a cause of the accident, simply because it found that the negligence of the ITO employees also contributed to it.

■ Ideally, perhaps, the legal significance of any negligence on the part of the ITO employees, as it related to Curko's claim against Spencer, might have been more clearly brought into focus had there been a charge essentially like that requested by Curko.[1] But Curko is in no position to complain that the charge was something less than perfect.

■■ F.R.Civ.P. 51, 28 U.S.C.A., requires more than an objection to a charge;[2] the grounds of objection must

---

1. The proposed charge on concurrent negligence was, of course, subject to the verbal infirmity of assuming negligence on the part of Spencer. This, without more, would not justify its omission. The defect was obvious and could readily have been corrected.

2. Curko's failure to say in so many words that he excepted or objected to the charge did not constitute a waiver of his right to object. Rule 51 must be read in conjunction with Rule 46 which abolishes the necessity for formal exceptions; and a request for a further instruction is in essence the equivalent to an objection to a charge. Wright v. Farm Journal, Inc., 2 Cir., 1947, 158 F.2d 976, 978.

be stated. The elaboration demanded depends upon the nature of the objection. When the reason is obvious on its face, little, if anything, need be said. Rule 51 was not intended to compel the superfluous. But if the reason for an objection is not apparent, then the demand of the rule must be substantially met; and the objector must supply the court with an explanation for his objection if he desires to subject the court's action to appellate review.

Curko offered no explanation for requesting the charge on concurrent negligence. Its purpose was scarcely self-evident. Curko alleged no claim based upon concurrent negligence. And concurrent negligence was not—and could not validly have been—relied upon defensively by Spencer.[3] So far as appears, the concurrent negligence issue had not been tried with the express or implied consent of the parties. Compare F.R.C.P. 15(b). The pertinence of the evidence to a theory of recovery based upon concurrent negligence was, at most, obscure.

Di Bari and Mihatov testified that the rope was wet and frayed or rotten. This was brought out upon direct examination by Curko apparently in support of his pleaded claim that Spencer was negligent in making a defective rope available to him. The conspicuousness of the rope's condition to di Bari and Mihatov was developed on cross examination. This was ostensibly in support of the pleaded defense of contributory negligence, for the seeming objective of the evidence was to establish that Curko, who worked in close proximity to di Bari and Mihatov, should have noticed the condition of the rope and that his failure to do so was negligence which contributed to the accident. This evidence, on its face, had no relationship to a claim based upon the concurrent negligence of di Bari and Mihatov—a theory which had not even been mentioned prior to the requested charge.

The only evidence to support plaintiff's claim that di Bari was negligent in operating the hi-lo by pulling it instead of lifting it when the skid stuck, and that this contributed to the breaking of the rope, is an excerpt from di Bari's written statement of December 12, 1955. It was upon the basis of this statement that Spencer's counsel, in summation, made the argument which Curko asserts was particularly prejudicial in the absence of a charge on concurrent negligence. But both di Bari's statement, and the summation based upon it, when read in their entirety, show that di Bari's statement was offered to support the defense that the breaking of the rope had *not* caused the skid to fall but that the skid had fallen because di Bari had lifted it without noticing that Curko was in the act of tying the broken rope. It is therefore not surprising that the trial judge failed to perceive the significance of the di Bari statement which Curko would now attribute to it.

When Curko requested the judge to charge on concurrent negligence, he made no reference to the testimony of di Bari or Mihatov concerning their knowledge of the condition of the rope, said nothing of di Bari's statement as to the operation of the hi-lo, and made no mention of the defense summation based upon di Bari's statement. He suggested no reason why a charge on concurrent negligence should be given. The evidence which might have supported a finding of concurrent negligence was minimal when considered against the backdrop of a five-day trial. And in view of the obvious pertinence of that evidence to the issues upon which the case had been tried, its relationship to the undisclosed issue of concurrent negligence was hardly self-evident.

It was to protect a trial court against just such an objection as Curko now urges that Rule 51 required the grounds of an objection to be stated. While an appellate court has discretion in

3. Whether or not the theory of concurrent negligence was injected into the case by Curko at pretrial or in his opening statement to the jury is impossible to ascertain, for the opening statement was not transcribed and no pretrial order, if a pretrial conference was held, was ever entered.

a proper case to review of its own motion any error not saved by a timely objection (and we interpolate "duly explained"), this power should be exercised sparingly and only in exceptional cases. Troupe v. Chicago, D. & G. Bay Transit Co., 2 Cir., 1956, 234 F.2d 253, 259. No circumstance has been presented to us which suggests that this case is other than run of the mill. The salutary purpose of Rule 51 to expedite the administration of justice, 5 Moore, Fed.Practice ¶ 51.02, would be defeated, without accomplishment of any countervailing benefit, if the rule were to be relaxed in this instance.

What has been said applies with even greater force to Curko's claim that the instructions on proximate cause were erroneous; for as to this, Curko expressed no objection of any kind after the charge had been given. Rule 51, by its plain terms, prevents him from doing so now.

Beyond this we are satisfied that Curko's rights were not substantially prejudiced by the charge which was given. The jury was told at one point that the question for its decision was whether Spencer's negligence was "a" proximate cause of Curko's injury. In the next paragraph the jury was told that it must determine whether there was "a" direct causal relationship between the act or omission of Spencer or its employees and the injury " 'but for' which the injury would not have been received." The "but for" test was stated on two other occasions in the charge. This standard equated actual cause with proximate cause and thereby would have imposed liability on the defendant even if its negligence was an unforeseeable cause in fact. Even under this charge which erred in the plaintiff's favor, the jury did not return a verdict for Curko. Considered in its entirety, the charge adequately informed the jury that if it found a causal connection between any negligence on defendant's part and Curko's injury, it should return a verdict for Curko. Regardless of whether there was evidence of concurrent negligence in the case, this was the proper criterion for determining Curko's right to a verdict.

The judgment will be affirmed.