**Aloysius HARKINS**

v.

**FORD MOTOR COMPANY, Appellant.**

No. 18396.

United States Court of Appeals,
Third Circuit.

Argued Nov. 5, 1970.

Decided Dec. 28, 1970.

Thomas R. White, Jr., White & Williams, Philadelphia, Pa., for appellant.

Samuel Moonblatt, Berk, Masino & Moonblatt, Philadelphia, Pa., for appellee.

Before BIGGS, VAN DUSEN and ROSENN, Circuit Judges.

### OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This personal injury case is before the court pursuant to a notice of appeal filed by the defendant, Ford Motor Company, on November 4, 1969, stating that the "defendant * * * appeals * * * from the District Court order * * * granting a new trial [dated] October 20, 1969." This order granted a new trial for two reasons, neither of which had been clearly stated in the plaintiff's motion for a new trial,[1]

---

1. The degree of specificity with which reasons for a new trial must be stated is by no means clear. The relevant rule is Fed.R.Civ.P. 7(b), which provides that "[a]n application to the court for an order shall be by motion which * * * shall state with particularity the grounds

therefor * * *." The courts have generally given a liberal interpretation to the requirement that a motion "state with particularity the grounds therefor." See Lack Indus., Inc., v. Ralston Purina Co., 327 F.2d 266 (8th Cir. 1964) ; Lebeck v. William A. Jarvis, Inc., 250 F.2d 285

which had been filed in April 1969 after judgment had been entered on a jury verdict for the defendant. A new trial granted for reasons not stated in a pending motion for a new trial is in legal contemplation action by the court on its own initiative.[2] Fed.R.Civ.P. 59(d) provides:

> *On Initiative of Court.* Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.

The defendant urges on this appeal that, because of failure to comply with the notice requirements of Fed.R.Civ.P. 59(d), the district court lacked the power to enter an order granting a new trial. In Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469 (3d Cir. 1962), this court held that an order granting a new trial, normally not a final decision appealable under 28 U.S.C. § 1291 (1964), is treated as an appealable final order in the narrow situation where the judicial power of the court to enter the order is challenged on the ground that the order was entered more than 10 days after

judgment for a reason not stated in a timely motion for new trial.

We do not find it necessary to resolve the question whether, in every case, failure to comply with the notice requirements of Fed.R.Civ.P. 59(d) deprives the district court of power to grant a new trial for reasons not stated in a pending motion for a new trial, because we have concluded that the reasons advanced by the district court are insufficient on the merits.[3] After a careful consideration of the record in this case, we conclude that neither of the two reasons relied upon by the district court would justify the granting of a new trial. The district court's first reason for granting a new trial was that the court erroneously admitted the testimony of the defendant's expert witnesses regarding the results of an experiment which was not shown to have been conducted under the same or similar conditions which existed when the accident occurred.[4] Specifically, the district court held that prior to the introduction of experiments on similar products, the proponent of such evidence must show that the party performing the experiment used "a product that was identical to the product in issue or at least a product that is as nearly identical as is possible." In the instant case, the product at issue was a Ford Falcon, and the products used in the alleged experiments were a 1957 Mercury and a 1964 Ford. Further, the district court held that the

---

(3d Cir. 1957). *See generally* 1A W. Barron & A. Holtzoff, Federal Practice and Procedure § 244 (Wright ed. 1960) ; 3 W. Barron & A. Holtzoff, Federal Practice and Procedure § 1306 (Wright ed. 1958) (Supp.1969). The notice requirement in Fed.R.Civ.P. 59(d) suggests that in the context of motions for a new trial grounds must be stated with sufficient specificity to put the opposing party on notice as to the reasons put forward for the granting of a new trial. It is clear in the instant case that the grounds stated in the plaintiff's motion for a new trial were not sufficiently specific to put the defendant on notice that the court had before it the grounds subsequently relied upon in the order granting the new trial.

2. Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469 (3d Cir. 1962) ; McDonald v. Dykes, 163 F.2d 828 (3d Cir.), aff'g 6 F.R.D. 569 (E.D.Pa.1947).

3. On the question whether compliance with the notice requirement of Fed.R.Civ.P. 59(d) conditions effective action by the district judge, compare Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure, 81 Harv.L.Rev. 591, 604 (1968).

4. *See, e. g.,* Navajo Freight Lines, Inc. v. Mahaffy, 174 F.2d 305 (10th Cir. 1949) ; C. McCormick, Evidence § 169.

defendant had not met its burden of establishing that "the conditions which existed as [sic] the time and place of the happening of the accident were substantially similar to those in being at the time of the conducting of the [experiment]." We need not reach the question whether an adequate foundation was laid for the admission of results of experiments. A careful reading of the testimony convinces us that the defendant's experts were not testifying regarding the results of experiments, but were testifying regarding general principles of physics universal in their application.[5]

■ The district court's second reason for granting a new trial was that the court failed to give an adequate jury instruction on strict liability. Specifically, the district court held that it failed to instruct the jury that the occurrence of a malfunction in the absence of abnormal use and reasonable second-ary causes was evidence of a "defective condition" within the strict liability rule of Restatement (Second) of Torts § 402A (1965) and that this failure constituted serious prejudicial error,[6] Fed. R.Civ.P. 51 makes it emphatically clear that "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Counsel for the plaintiff did not so object to any portion of the instruction on strict liability. Fed.R.Civ. P. 51 is a salutary rule which contributes materially to effective trial administration.[7] This is not a situation where there was "fundamental" error in a charge which was "highly prejudicial" and failure to rectify the error "would result in a gross miscarriage of justice."[8]

5. *See generally* 2 J. Wigmore, Evidence §§ 445, 558, 665b (3d ed. 1940); C. McCormick, Evidence §§ 181, 296. Our conclusion in this regard is strengthened by the facts that the plaintiff offered expert testimony regarding the same general principles and their operation in this case and that the plaintiff elicited an elaboration of these principles from the defendant's expert witness on cross-examination. The alleged experiments in this case were merely demonstrations designed to demonstrate graphically these principles to the jury. In any event, since the court did not allow films of these demonstrations into evidence, and since the plaintiff's expert witness testified regarding the same general principles and films of similar demonstrations that he had seen, any error resulting from allowing the defendant's expert witness to comment regarding the demonstrations would certainly be no more than mere harmless error which must be disregarded. Fed.R.Civ.P. 61. We also note in this regard that counsel for the plaintiff did not request a curative instruction following the comment by the defendant's expert witness on the demonstrations.

6. The issue of strict liability was submitted to the jury, and the district court's charge on the strict liability rule of Restatement (Second) of Torts § 402A (1965) was otherwise very complete. The court's view of the inadequacy of the instruction was based primarily on two cases decided after the trial in the instant case. Greco v. Bucciconi Engineering Co., 407 F.2d 87 (3d Cir. 1969), and MacDougall v. Ford Motor Co., 214 Pa. Super. 384, 257 A.2d 676 (1969). These cases hold that the occurrence of a malfunction in the absence of abnormal use and reasonable secondary causes is evidence sufficient to go to the jury of a "defective condition" within the strict liability rule of Restatement (Second) of Torts § 402A (1965), which is the law in Pennsylvania. *See* Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966). That this rule regarding proof of a "defective condition" is the law in Pennsylvania was made evident in Bialek v. Pittsburgh Brewing Co., 430 Pa. 176, 242 A.2d 231 (1968), a case available to counsel for almost a year before the trial in the instant case. *See* Greco v. Bucciconi Engineering Co., *supra*, 407 F.2d at 90.

7. *See, e. g.*, Curko v. William Spencer & Son Corp., 294 F.2d 410 (2d Cir. 1961); 5 J. Moore, Federal Practice ¶ 51.02, at 2502 (2d ed. 1953).

8. McNello v. John B. Kelly, Inc., 283 F.2d 96 (3d Cir. 1960). Compare Callen v. Pennsylvania R. R., 162 F.2d 832 (3d Cir. 1947), aff'd on other grounds, 322 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242 (1948), and Rowlik v. Greenfield, 87 F. Supp. 997 (E.D.Pa.1949), aff'd, 179 F.2d

Since we conclude that the two reasons relied upon by the district court do not warrant the granting of a new trial, the district court order of October 20, 1969, granting a new trial will be vacated.

678 (3d Cir. 1950), with Brown v. Moore, 247 F.2d 711 (3d Cir.), cert. denied, 355 U.S. 882, 78 S.Ct. 148, 2 L.Ed.2d 112 (1957).