**Eduardo BADO–SANTANA et al., Plaintiffs,**

v.

**FORD MOTOR COMPANY, Defendant.**

Civil No. 00–2517 (GAG).

United States District Court, D. Puerto Rico.

April 16, 2007.

Jose A. Gallart, Angelique Doble–Bravo, Gallart Law Office, San Juan, PR, for Plaintiffs.

Manuel A. Guzman–Rodriguez, Guzman & Steffens, San Juan, PR, PHV David R. Kelly, Bowman & Brooke LLP, Minneapolis, MN, PHV Michiko Ando, Snell & Wilmer, LLP, Denver, CO, for Defendant.

## OPINION AND ORDER

GELPI, District Judge.

Plaintiffs filed the instant case against defendant for the damages suffered from an automobile accident that occurred on May 2, 1999 where a Ford Explorer overturned and Carlos Bado, the driver, died in the accident. His then pregnant girlfriend, co-plaintiff Tatiana Cortes, was a passenger in the vehicle. His daughter, co-plaintiff Carolina Bado–Cortes, was born after the accident. Plaintiffs claim that the accident resulted from defendant's negligence in manufacturing the vehicle.

This matter is before the court on a motion filed by defendant to preclude plaintiffs from presenting at trial all evidence of other accidents, lawsuits, or claims involving the Ford Explorer, including those discussed in news articles or television programs. After reviewing the pleadings and pertinent law, the court **GRANTS IN PART** and **DENIES IN PART** defendant's motion to exclude (Docket No. 297).

### I. Relevant Procedural History

On September 7, 2004, defendant filed two *motions in limine* to preclude plaintiffs from introducing at trial any evidence of other accidents, lawsuits, or claims involving the Ford Explorer, including those discussed in news articles or television programs. *See* Docket Nos. 137, 140. Plaintiffs duly opposed these motions on September 21, 2004. *See* Docket Nos. 166, 169. On February 28, 2005, the court denied defendant's *motions in limine*

without prejudice to allow plaintiffs the opportunity to establish at a *Daubert* hearing how the evidence defendant sought to exclude is substantially similar to the accident in the instant case. *See* Docket No. 218. The court indicated that it would grant defendant's *motions in limine* if plaintiffs failed to meet the substantial similarity requirement at the hearing. *Id.* at 8, 11.

On June 23–24, 2005, the court held a *Daubert* hearing. *See* Docket Nos. 224, 225. Because plaintiffs did not offer any evidence to meet the substantial similarity requirement at the *Daubert* hearing, defendant moved once again on February 16, 2007 to preclude plaintiffs from introducing at trial any evidence of other accidents, lawsuits, or claims involving the Ford Explorer, including those discussed in news articles or television programs. *See* Docket No. 297. Plaintiffs filed their opposition to this motion on March 1, 2007. *See* Docket No. 300. By orders dated March 5 and March 12, 2007, the court ordered plaintiffs to make a detailed proffer of every accident, lawsuit, claim, news article, or television program concerning the Ford Explorer that plaintiffs sought to introduce at trial. *See* Docket Nos. 302, 304. The court instructed plaintiffs to include in this proffer the relevance of the proposed evidence, the purpose for which it would be offered at trial, and how each piece of evidence is substantially similar to the accident in the instant case. *Id.* On March 21, 2007, plaintiffs made such proffer. *See* Docket No. 310. On April 2, 2007, defendant responded to plaintiffs' proffer of evidence. *See* Docket No. 314.

### II. Legal Standard

Only relevant evidence is admissible at trial. *See* Fed.R.Evid. 402. Relevant evidence is any evidence "having a tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R.Evid. 401. However, even relevant evidence "may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Fed.R.Evid. 403. Under this rule, the court has "considerable latitude in determining whether to admit or exclude evidence." *Santos v. Sunrise Medical, Inc.,* 351 F.3d 587, 592 (1st Cir.2003) (citing *Espeaignnette v. Gene Tierney Co., Inc.,* 43 F.3d 1, 5 (1st Cir.1994)).

## III. Legal Analysis

Plaintiffs claim that defendant's negligence in manufacturing the 1996 Ford Explorer caused it to have stability problems and a seatbelt prone to inertial unlatching in rollovers. To support this claim, plaintiffs seek to introduce at trial the following evidence: (1) prior rollover accidents involving Ford Explorers; (2) prior accidents involving vehicles using the RCF–67 seatbelt; (3) videotapes and charts of tests on exemplar Ford Explorer; and (4) videotapes and in-court demonstrations of pendulum and slap tests. *See* Docket No. 310. The court will evaluate each piece of evidence to determine whether it is relevant, and if so, whether it should be excluded for being unduly prejudicial.

### A. Prior Accidents

Evidence of prior accidents may be relevant and, therefore, comply with the relevancy requirements of Rule 401. However, its admissibility must be evaluated carefully due to its inflammatory nature. "For evidence of other accidents to be relevant ... the other accidents must be 'substantially similar' to the one at issue." *Shields v. Sturm, Ruger & Co.,* 864 F.2d 379, 381 (5th Cir.1989) (citing *Jackson v. Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1082–83 (5th Cir.1986)). This means that "evidence of prior accidents is admissible ... only if the proponent of the evidence shows that the accidents occurred under circumstances substantially similar to those at issue in the case at bar." *Moulton v. Rival Co.,* 116 F.3d 22, 26–27 (1st Cir.1997) (quoting *McKinnon v. Skil Corp.,* 638 F.2d 270, 277 (1st Cir.1981)).

Substantial similarity is a function of the theory of the case. *See Ponder v. Warren Tool Corp.,* 834 F.2d 1553, 1560 (10th Cir. 1987). If prior accidents are offered to prove notice, "a lack of exact similarity of conditions will not cause exclusion provided the accident was of a kind which should have served to warn the defendant." *Exum v. General Elec. Co.,* 819 F.2d 1158, 1162–63 (D.C.Cir.1987) (quoting 1 Weinstein & Berger, *Weinstein's Evidence* § 401[10], at 401–66–67). "Once a court has determined that accidents are substantially similar '[a]ny differences in the circumstances surrounding those occurrences go merely to the weight to be given the evidence.'" *Ponder,* 834 F.2d at 1560 (quoting *Jackson,* 788 F.2d at 1083). However, even when there is substantial similarity, "the admissibility of such evidence lies within the discretion of the trial judge who must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility." *McKinnon,* 638 F.2d at 277 (citing *Mutrie Motor Transp., Inc. v. Inter-Chemical Corp.,* 378 F.2d 447, 450–51 (1st Cir.1967)).

#### 1. Prior Rollover Accidents Involving Ford Explorers

■ To prove that defendant had notice that the 1996 Ford Explorer had stability problems, plaintiffs seek to introduce at trial thirteen (13) accidents involving the Ford Explorer or its predecessor that occurred between April 1993 and May 1999

in which a driver, not involved in a collision, lost control of the vehicle and rolled over. Defendant contends that these accidents are inadmissible because plaintiffs have failed to demonstrate that they are substantially similar to the accident in the instant case. The court agrees. Substantial similarity means that the accidents must have occurred under similar circumstances or share the same cause. *Rye v. Black & Decker Mfg. Co.,* 889 F.2d 100, 102 (6th Cir.1989) (citing *Brooks v. Chrysler Corp.,* 786 F.2d 1191, 1195 (D.C.Cir.), *cert. denied,* 479 U.S. 853, 107 S.Ct. 185, 93 L.Ed.2d 119 (1986)). Here, plaintiffs have not described in sufficient detail the circumstances surrounding the rollovers in the prior accidents to show that the subject accident occurred under similar circumstances as the prior accidents. Likewise, plaintiffs have not established that the vehicles in the prior accidents rolled over because of stability problems. Thus, the court finds that the prior rollover accidents, as described by plaintiffs, were not of a kind which should have served to warn the defendant that the 1996 Ford Explorer had stability problems. Accordingly, the court holds that plaintiffs may not introduce at trial these prior rollover accidents.

### 2. Prior Accidents Involving Vehicles Using the RCF–67 Seatbelt

■ To demonstrate that defendant had notice that the 1996 Ford Explorer's RCF–67 seatbelt was prone to inertial unlatching in rollovers, plaintiffs seek to introduce at trial three (3) prior accidents involving vehicles using the RCF–67 seatbelt: a 1985 rear-corner impact to a Ford Escort, a 1989 crash of a Ford Taurus, and an expert report from 2000 discussing a Mazda pick-up rollover. Defendant maintains that these accidents are inadmissible because plaintiffs have failed to demonstrate that they are substantially similar to the accident in the instant case. The court finds these accidents inadmissible. The

Ford Escort and the Ford Taurus accidents did not involve an Explorer vehicle, or even a sports utility vehicle. Moreover, these accidents did not involve rollovers, but rather collisions. The Mazda accident involved a Mazda truck and not a Ford Explorer. Likewise, the jury in the Mazda case found that the driver was not wearing a seatbelt and that the vehicle was not defective. For these reasons, the court finds that these prior accidents were not of a kind which should have served to warn the defendant that the 1996 Ford Explorer's RCF–67 seatbelt was prone to inertial unlatching in rollovers. Thus, the court holds that plaintiffs may not introduce at trial the submitted prior accidents involving vehicles using the RCF–67 seatbelt.

### B. Testing Evidence

Evidence of accident reconstructions may be relevant and, therefore, comply with the relevancy requirements of Rule 401. To be relevant, an accident reconstruction must be substantially similar to the original accident. *Jodoin v. Toyota Motor Corp.,* 284 F.3d 272, 278 (1st Cir. 2002) (citing *Fusco v. Gen. Motors Corp.,* 11 F.3d 259, 264 (1st Cir.1993)). Perfect identity between the experimental conditions and the actual conditions is not necessary. *Robbins v. Whelan,* 653 F.2d 47, 49 (1st Cir.1981). Rather, the party seeking to introduce evidence reconstructing an accident must show a "substantial similarity in circumstances" between the reconstruction and the original accident. *Jodoin,* 284 F.3d at 278 (citing *Fusco,* 11 F.3d at 264).

### 1. Testing on Exemplar Ford Explorer

■ Plaintiffs' expert, Dr. David Renfroe, conducted various stability tests on an exemplar Ford Explorer. The exemplar vehicle, a 1996 Ford Explorer 4 × 2 equipped with the same size and model

tires as the Explorer in the instance case, was video taped as it was driven through various courses used in the automotive industry to road test vehicles before they go into the market. Plaintiffs seek to introduce the results of these tests to prove that the 1996 Ford Explorer had stability problems. Because plaintiffs' expert tested an exemplar vehicle identical to the one involved in the instant case, a jury would likely view the testing as a reconstruction of the actual accident. Therefore, the testing must have been conducted under substantially similar conditions to the subject accident in order to be relevant. *See Jodoin,* 284 F.3d at 279 (holding that testing performed by expert witness on vehicle facially similar to vehicle involved in rollover accident was reconstructive evidence requiring the proponent of the testing evidence to demonstrate substantial similarity); *McKnight v. Johnson Controls, Inc.,* 36 F.3d 1396, 1402 (8th Cir.1994); *Fusco,* 11 F.3d at 264.

Defendant argues that plaintiffs' tests on the exemplar Ford Explorer are inadmissible because the testing exposed the exemplar vehicle to substantially different steering than the driver used in the instant case. The court agrees. To examine the stability of the 1996 Ford Explorer, Dr. Renfroe performed seven test runs on the exemplar vehicle using the Consumers' Union Short Course Testing. The exemplar vehicle tipped up in only one of the seven test runs. Tipping occurred when the exemplar vehicle was subjected to a total stirring input of 660 degrees. In contrast, Dr. Renfroe estimated that the driver in the instant case subjected his car to a total stirring input of 323 degrees. Because the driver in the instant case turned the steering wheel only half as far as the driver in the test run where the exemplar vehicle tipped up, the court cannot conclude that the testing on the exemplar vehicle is substantially similar to the subject accident. *See Samuel v. Ford*

*Motor Co.,* 96 F.Supp.2d 491, 502 (D.Md. 2000) (finding inadmissible the results of accident avoidance maneuver test used by expert to evaluate the roll over propensity of van because, inter alia, the test subjected the tested vehicle to conditions, including steering angles, which greatly exceeded what reasonably could be expected when a vehicle was driven under real world emergency conditions). In light of the above, the court holds that plaintiffs may not introduce at trial the testing on the exemplar 1996 Ford Explorer.

In their proffer of evidence, plaintiffs included a number of additional test runs performed by Dr. Renfroe to support his opinions in other lawsuits. Because plaintiffs have not described in sufficient detail the conditions of these additional test runs in order to show that the testing occurred under substantially similar circumstances as the accident in the instant case, the court holds that plaintiffs may not introduce at trial the results of these additional test runs.

### 2. Pendulum and Slap Tests

■ At trial, plaintiffs intend to show the jury certain videotaped or in-court demonstrations in which an RCF–67 seatbelt buckle removed from its mounting system inside a vehicle is struck with a pendulum or smacked with some other object. Plaintiffs maintain that these pendulum and slap tests are relevant because they illustrate how the forces of inertia can cause the RCF–67 seatbelt to unlatch. Defendant contends that these demonstrations are inadmissible because they are not substantially similar to the conditions which a buckle will experience inside a vehicle during a rollover crash. The court disagrees. A party introducing evidence to reconstruct an accident must comply with the substantial similarity standard. However, a party presenting evidence to illustrate general scientific principles need

not comply with the substantial similarity standard. *Jodoin,* 284 F.3d at 278. To differentiate between illustrations and re-creations, courts look "to whether the evidence is sufficiently close in appearance to the original accident to create the risk of misunderstanding by the jury, for it is that risk that gives rise to the special requirement to show similar conditions." *Fusco,* 11 F.3d at 264. The court finds that there is little danger that the jury would view the slap and pendulum tests as a simulation of the rollover at issue. *See Guild v. Gen. Motors Corp.,* 53 F.Supp.2d 363, 370 (W.D.N.Y.1999) (allowing experts of motor vehicle rollover accident victim to perform slap test to demonstrate principle of inertial unlatching in product liability action); *Harkins v. Ford Motor Co.,* 437 F.2d 276, 278 (3d Cir.1970) (no error for jury to view experiments that were merely demonstrations designed to graphically depict general principles of physics); *Rimac v. Nissan Motor Corp.,* 1986 WL 1838 *1 (N.D.Ill.1986) (finding plaintiff's demonstrations admissible because they were intended to "demonstrate the effect of an impact of a given force" and were not purported to be a reconstruction of the accident). To ensure that the jury understands that the pendulum and slap tests are being offered to illustrate the principles of science involved in inertial unlatching and thereby avoid any undue prejudice, the court will give the jury a proper limiting instruction. *See Robinson v. Audi Nsu Auto Union,* 739 F.2d 1481, 1484 (10th Cir.1984) (where experiments do not simulate actual events at issue, jury should be instructed that evidence is admitted for a limited purpose).

## C. Other Evidence

In their proffer of evidence, plaintiffs announced their intention to introduce at trial a computer-generated reconstruction of the rollover in the instant accident, several photographs of the accident area, and the reports of plaintiffs' various experts and the documents, literature, tests, and studies conducted by the experts or consulted by them. Defendant has not moved to exclude this evidence. Therefore, the court will not rule on this evidence's admissibility at this point.

## IV. Conclusion

For the foregoing reasons, defendant's motion to exclude (Docket No. 297) is hereby **GRANTED IN PART** and **DENIED IN PART.**

**SO ORDERED.**